FILED

2005 AUG 18 P 4: 59

U.S. ᴅᴵˢᵀᴿᴵᶜᵀ ᶜᴼᵁᴿᵀ

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

LAURA ROY,                           :

            Plaintiff        :     **305CV01316**
                                       **WWE**

v.                                   :

HARTFORD HOSPITAL, and               :
HARTFORD HEALTH CARE
CORPORATION,                         :

            Defendants        :     August 18, 2005

**COMPLAINT**

**I.   PRELIMINARY STATEMENT**

    This action is brought by the Plaintiffs against the Defendants, who have

terminated Plaintiff in violation of Title 29 U.S.C. § 2615. Action is also brought

against Defendants for terminating Plaintiff in violation of their employment policies,

for misrepresentation, and for promissory estoppel.

**II.   NATURE OF ACTION**

    This action arises under Title 29 U.S.C. § 2615 and under state common law

claims of breach of implied contract, misrepresentation, and promissory estoppel.

THE ALEXANDER SCHEIRER LAW FIRM, LLC  •  2519 WHITNEY AVENUE  •  HAMDEN, CONNECTICUT 06518  •  (203) 288-6955

## III.   **JURISDICTION**

This Court's jurisdiction is invoked pursuant to Title 29 U.S.C. § 2615. Plaintiff further invokes Title 28 U.S.C. § 1367, the pendent jurisdiction of this court to hear and decide the claims arising under state law.

## IV.   **PARTIES**

1. At all times relevant hereto, the Plaintiff Laura Roy, was a resident and domiciliary of the State of Connecticut.

2. At all times relevant hereto, the Defendant Hartford Hospital was a corporation duly organized and existing under the laws of the State of Connecticut and a wholly owned subsidiary of Defendant Hartford Health Care Corporation.

3. At all times relevant hereto, the Defendant Hartford Health Care Corporation was a corporation duly organized and existing under the laws of the State of Connecticut with a principal place of business at 80 Seymour Street Hartford, Connecticut.

## V.     FIRST COUNT: <u>Violation of 29 U.S.C. § 2615</u>

4. The Defendant Hartford Hospital employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar relevant hereto.

5. Plaintiff Laura Roy had worked for Defendant Hartford Hospital since on or about October 19, 1992, when she was hired as a staff registered nurse in the cardiology department, and had worked for more than 1250 hours in the 12 months preceding her request for medical leave.

6. While working for the Defendant for over 10 years, Plaintiff Laura Roy received praise from supervisors, coworkers and patients and was not the subject of any disciplinary action.

7. Plaintiff Laura Roy was employed by Defendant Hartford Hospital at the time of the incidents relevant hereto.

8. On or about February 10, 2003, at the recommendation of her employer, the Plaintiff was placed on FMLA-protected medical leave due to the plaintiff's own serious health condition.

9. Subsequent to the exhaustion of the FMLA leave period, Plaintiff, with Defendant's acquiescence, remained absent, relying upon an accrued extended leave for the balance of her absence.

3

10. Near the end of her leave, Plaintiff began contacting the Defendant in order to begin working when she returned.

11. On or about August 26, 2003, Defendant, by its agent, servant, or employee Karen Habig, notified the Plaintiff that her employment was terminated as of August 22, 2003 for the proffered reason that Plaintiff "did not obtain a position that met [her] requirements" with the Defendant.

12. Although Plaintiff's nursing license had temporary restrictions placed upon it, Plaintiff was at all times relevant hereto capable and qualified to work as a registered nurse.

13. Moreover, Plaintiff clearly stated to the Defendant's agents, servants, or employees that she was willing to accept a wide variety of nursing positions at the Defendant's hospital.

14. Furthermore, other nursing employees of the Defendant who had taken leaves of absence in circumstances similar, if not identical, to that of Plaintiff, were in fact able to return to the workplace for a resumption of their employment responsibilities, with or without restriction.

15. Plaintiff alleges and asserts that her termination was unlawful pursuant to § 115 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615. Plaintiff's termination was discriminatory on the basis of plaintiff's availing herself of her protected medical leave rights under the FMLA.

4

## VI.   COUNT TWO - <u>Breach of Implied Contract</u>

16. Defendant violated its own policies by terminating Plaintiff's employment in consequence of her having availed herself of protected medical leave rights and such extended leave as provided to the Plaintiff as an employee of the Defendant.

17. In terminating Plaintiff's employment, Defendant's representative offered as a pretext the reason of Plaintiff not being able to locate an employment position within its institution, when in reality, Plaintiff as a Registered Licensed Nurse with the State of Connecticut Department of Public Health was well suited and able to undertake any number of nursing related positions which were then available with the Defendant.

18. Furthermore, with Plaintiff having exercised her Federally protected FMLA right to unpaid leave of absence and thereafter exhausting her extended leave, she had remained at all times relevant thereto an employee of the Defendant institution.

19. Defendant, by its representatives, in terminating Plaintiff's employment did so without cause in contravention of her rights as an employee and in contravention of its established policies and practices relating to similarly situated employees, past and present

5

## VII.   COUNT THREE - <u>Negligent Misrepresentation</u>

20. At the time of Plaintiff being placed on FMLA leave and extended leave, Plaintiff's supervisor and/or director, being agents, servants, or employees of the Defendant, made misrepresentations to the Plaintiff relative to her ability to continue employment at Defendant's institution upon her return from leave.

21. Plaintiff reasonably placed material reliance on the aforementioned misrepresentations made by Defendant's agents, servants, or employees.

22. Plaintiff's reliance was to her detriment in that during her leave, Plaintiff exhausted all of her accrued vacation days and other paid leave, with the expectation of returning to work at the Defendant's institution.

23. Furthermore, Plaintiff during her leave did not pursue other employment opportunities which were available to her.

## VIII.   COUNT FOUR - <u>Promissory Estoppel</u>

24. The aforementioned representations made to Plaintiff by Defendant's agents, servants, or employees relative to her ability to resume employment upon return from authorized extended leave were promissory in nature.

6

25. Plaintiff reasonably relied upon the actions of the Defendant's agents, servants, or employees in authorizing her extended leave as well as upon the aforementioned promissory representations in that she exhausted all of her accrued vacation days and other paid leave time and forwent other employment opportunities.

26. Defendant must be estopped from denying its promise to reinstate Plaintiff upon her return from leave.

## IX.   RELIEF REQUESTED

Plaintiff claims judgment against the Defendants as follows:

1. Statutory damages in the amount of $500,000.00 for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii).

2. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

3. Equitable relief in the form of reinstatement or frontpay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

4. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

5. Such other relief of law or equity as the Court may deem appropriate.

THE ALEXANDER SCHEIRER LAW FIRM, LLC • 2519 WHITNEY AVENUE • HAMDEN, CONNECTICUT 06518 • (203) 288-6955

**X.**     <u>**TRIAL CLAIM**</u>

Plaintiff requests a jury trial in this matter.

THE PLAINTIFF,
LAURA ROY

BY: _____
Alexander Scheirer, Esq.
The Alexander Scheirer Law Firm, LLC
2519 Whitney Avenue
Hamden, CT 06518
Tel: (203) 288-6955
Email: attyscheirer@sbcglobal.net
Federal Bar ID: ct02107

THE ALEXANDER SCHEIRER LAW FIRM, LLC   •   2519 WHITNEY AVENUE   •   HAMDEN, CONNECTICUT 06518   •   (203) 288-6955